UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RYAN TALLMAN,<br>    Plaintiff,<br><br>v.<br><br>ROCK ISLAND COUNTY JAIL,<br>    Defendant. | )<br>)<br>)<br>) Case No. 4:24-cv-4179-SEM-EIL<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Ryan Tallman filed a Complaint [1], with Exhibits [3] thereto, under 42 U.S.C. § 1983, which is now before the Court for screening. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A.

Upon review of the Complaint, Plaintiff alleges that he was notified that he would have a hearing on November 1, 2023, in a criminal case against him in the Rock Island County Circuit Court. However, he alleges that a second criminal case against him proceeded to a bench trial that day, without notice, at which he was found guilty. Plaintiff asserts that he was not prepared for the trial, alleges a violation of his Due Process, and requests his immediate

release, dismissal of both Rock Island County criminal cases, and a finding that he was or is "unfit."

The Court has likewise reviewed Plaintiff's Exhibits [3] and other attachments to his Complaint [1]. These include docket sheets and correspondence associated with his state criminal cases; citations to Illinois statutes pertaining to mental illness and disability; handwritten notes regarding cognition and brain functioning; federal statutes relating to victim services; correspondence from the Illinois Supreme Court; a citation to a U.S. Supreme Court case upholding punitive damages awarded by a jury for an Eighth Amendment failure to protect claim against a prison guard; handwritten notes regarding various telephone calls; a summary from Lexis Nexis regarding entrapment; and a citation to a U.S. Court of Appeals case regarding unsworn testimony admitted by a federal District Court.

Plaintiff's Complaint was filed pursuant to 42 U.S.C. § 1983. However, "§ 1983 cannot be used to contest the fact or duration of confinement." *Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and

seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that these types of claims "are not *cognizable* under [§ 1983], and must be brought in habeas corpus proceedings"); *see also Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) ("If [the plaintiff] is seeking release from the conditions of probation imposed on him by the courts, a petition for a writ of *habeas corpus* is the appropriate vehicle for seeking relief, not a lawsuit for damages under section 1983.").

In addition, the only Defendant identified on the docket in this matter is the Rock Island County Jail. "[A] jail is not a legal entity that can be sued under § 1983." *Webb v. Franklin County Jail*, 2017 WL 914736, at *2 (S.D. Ill. Mar. 8, 2017), *citing Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Plaintiff's Complaint must be dismissed, for failure to state a claim cognizable under § 1983 and for failure to identify a defendant who may be sued under § 1983.

This matter remains set for a video status conference on Thursday, February 7, 2025, at 11:00 a.m. The Court's video instructions were mailed to Plaintiff together with the Text Order

entered January 13, 2025. At the status conference, the Court will discuss with Plaintiff whether he is seeking additional time in which to file an amended complaint under § 1983.

The Court will remind Plaintiff that "[c]hallenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of the confinement come under [28 U.S.C.] § 2254 [habeas corpus]." Further, an amended complaint must contain all allegations against all Defendants, and piecemeal amendments are not accepted.

If Plaintiff does not file an amended complaint, or if his amended complaint fails to state a claim that is cognizable under § 1983, then this case will be dismissed.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED without prejudice.**
2) **This matter remains set for a video status conference on Thursday, February 7, 2025, at 11:00 a.m. before the undersigned. Plaintiff should be prepared to discuss whether he wishes to file an amended complaint in this matter.**

ENTERED January 22, 2025.

                    s/ *Sue E. Myerscough*
              _____
                    SUE E. MYERSCOUGH
              UNITED STATES DISTRICT JUDGE